IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **ROBERT TAYLOR,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12CV00003 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **CITY OF BRISTOL, VIRGINIA,** ) | By:  James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*John M. Loeschen, John M. Loeschen Law Offices, Roanoke, Virginia, for Plaintiff.  W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

Before the court is Plaintiff's Motion to Remand Count One of the Amended Petition for Permanent Injunction and Action at Law to state court.  Because I find that remand is not appropriate, I will deny the plaintiff's motion.

I

The plaintiff, Robert Taylor, worked as a firefighter for the City of Bristol, Virginia (the "City").  According to his allegations made in this case, Taylor was told that he would be permitted to resign and that if he did not resign, he would never be hired as a firefighter again.  He signed a letter of resignation but claims that the resignation was involuntary.  On the same day as he signed the letter of resignation, he submitted a letter seeking to revoke the resignation.  He also

attempted to initiate a grievance procedure pursuant to state law. According to Taylor, the City refused to accept his resignation and effectively denied his attempt to file a grievance.

Taylor filed a complaint seeking an injunction and other state law remedies in state court. After the City filed responsive pleadings, Taylor amended his complaint, adding a federal law claim under 42 U.S.C.A. § 1983 (West 2003).[1] The City removed the case to this court and Taylor has now moved to remand one of his claims to state court. The motion has been briefed and is ripe for decision.

II

A federal district court has removal jurisdiction in any civil action over which the court has original jurisdiction, 28 U.S.C.A. § 1441(a) (West 2006), *amended by* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 103, 125 Stat. 759 (2011). Federal question jurisdiction is invoked by a plaintiff pleading a cause of action created by federal law, such as a claim under § 1983. *See* 28 U.S.C.A. § 1331 (West 2006); *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 311 (2005).

---

[1] It appears that the plaintiff filed two copies of the Amended Complaint in the state court, one before the entry of the order permitting him to amend and one after both the order was entered and the City filed its first Notice of Removal in this court. To ensure that removal was effective, the City filed a second Notice of Removal.

The removal power covers the entire action in which a federal claim is raised. The court may allow the removal of an action even where it includes an otherwise nonremovable claim:

> If a civil action includes (A) a claim arising under the Constitution, laws or treaties of the United States (within the meaning of section 1331 of this title, and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C.A. § 1441(c)(1) (West 2006), *amended by* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 103, 125 Stat. 759 (2011).

The questions of removal and remand must be considered in light of the court's power to exercise supplemental jurisdiction over the state law claims. Where a court has original jurisdiction over a civil action, it has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.A. § 1367(a) (West 2006). A court may decline to exercise supplemental jurisdiction under the following conditions:

> (1)  the claim raises a novel or complex issue of State law,
>
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c) (West 2006).

Taylor's present complaint contains two counts. The first alleges that the City violated a state statute, Va. Code Ann. § 15.2-1507 (2008 & Supp. 2011), by denying Taylor's right to access the state-mandated grievance procedure and seeks an injunction under state law requiring the City to proceed with the grievance process. The second count asserts that the City's refusal to allow the state-mandated grievance procedure amounts to a deprivation of Taylor's due process rights. Taylor seeks money damages and an order enjoining the City from terminating employees by coerced resignations.

In all respects, these two claims arise out of the same set of facts and circumstances. Taylor claims he was terminated, forced to resign, and denied access to the grievance procedure. Both the state and federal claims are based on those facts. This court thus has supplemental jurisdiction over the state law claim pursuant to § 1367(a). *See Hinson v. Norwest Fin. S. C., Inc.*, 239 F.3d 611, 615 (4th Cir. 2001) (finding that the district court had supplemental jurisdiction over state law claims where both federal and state law claims arose out of the same loan by defendants).

There is no reason for the court to decline to exercise supplemental jurisdiction. No novel or complex issue of state law is raised. The state law claim, while interrelated with the federal claim, does not predominate over the federal claim. The federal claim has not been dismissed. Finally, there are no exceptional circumstances meriting refusal to exercise supplemental jurisdiction.

## III

For the reasons stated, it is **ORDERED** that Plaintiff's Motion to Remand (ECF No. 6) is DENIED.

ENTER: March 8, 2012

/s/ James P. Jones
United States District Judge