# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ROBERT TAYLOR,** | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:12CV00003<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **CITY OF BRISTOL, VIRGINIA,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendant. | ) |

*John M. Loeschen, Roanoke, Virginia, for Plaintiff; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

The plaintiff, a municipal fire fighter who claims he was coerced into an involuntary resignation, has sued seeking an order from the court requiring the city to allow him to grieve his termination under state law. In the alternative, he seeks money damages for a violation of his constitutional right to procedural due process. The defendant municipality has filed a motion for summary judgment as to both claims. For the reasons that follow, I will grant the motion as to the request that he be allowed to grieve his termination, but deny it as to the due process claim.

I

The plaintiff, Robert Taylor, was employed by the City of Bristol, Virginia ("the City") as a fire fighter. He filed this action against the City in state court, claiming that he had been terminated from that job in 2011 by virtue of a "coerced resignation" (First Am. Pet. ¶ 21) and denied the right afforded by state law to grieve his termination. He sought a mandatory injunction directing the City to comply with the state statutory grievance procedure, including a hearing before a neutral third party. In addition, he claimed that his right under the Constitution to procedural due process had been violated by the City by the circumstances of his termination and sought money damages.[1]

The City removed the action to this court, based upon federal question jurisdiction.[2] Following discovery, the City filed the present Motion for Summary Judgment, which has been briefed and argued.

---

[1] Counsel for Taylor explained in oral argument that these are alternative causes of action. In other words, if he is unable to obtain a mandatory injunction requiring the City to afford him a grievance proceeding, only then does he wish to assert his claim for a due process violation and money damages.

[2] Taylor moved to remand the injunction count to state court, but that motion was denied on the ground that the court would exercise supplemental jurisdiction over this state-law claim. *Taylor v. City of Bristol, Va.,* No. 1:12CV00003, 2012 WL 748625 (W.D. Va. Mar. 8, 2012).

II

In his first claim, Taylor seeks a mandatory injunction requiring the City to afford him access to its grievance process.  Pursuant to state law, Virginia local governments must provide their employees with a grievance procedure for complaints or disputes relating to disciplinary actions, including dismissals.  Va. Code Ann. § 15.2-1507(A)(1) (Supp. 2012).   State law requires that "[d]ecisions regarding grievability and access to the procedure shall be made by the chief administrative officer of the local government, or his designee, . . . at the request of the local government or the grievant, within 10 calendar days of the request."  Va. Code Ann. § 15.2-1507(A)(9)(a) (Supp. 2012).  Thereafter, the grievant may note an appeal from the decision of the chief administrative officer to the circuit court, provided that the notice of appeal is filed within 10 days of the decision.  *Id.*

It is uncontested that Taylor attempted to grieve his termination, but he was told by his supervisor, the Chief of the Fire Department, that because he had voluntarily resigned, he could not access the grievance procedure.  Nevertheless, he did not seek a decision on such access by the chief administrative officer of the City, nor did he appeal to the circuit court.[3]

---

[3] His action in state court, which was removed to this court, was filed on October 24, 2011, long after his termination.

Even assuming that Taylor is able to prove that his resignation was involuntary and amounted to a termination, I find that he is not entitled to the injunctive relief he requests.

Under Virginia law, which I must apply to this state-law claim, the granting of injunctive relief is a matter of the court's discretion, taking into account all of the circumstances of the case. *Clayborn v. Camilla Red Ash Coal Co.*, 105 S.E. 117, 122 (Va. 1921). A number of factors counsel against granting an injunction here, even if Taylor were able to prove that he should have been allowed to access the City's grievance process.

In the first place, he clearly did not follow the statutory procedure for seeking a formal decision on his ability to grieve his termination, including a timely review by the state courts. While Taylor argues that the review process applies only to the issue of whether the municipal action complained of was within the City's management rights, an issue not relevant here, the clear language of the state statute belies that narrow construction. It would be inequitable to require the City to now process a grievance under these circumstances.

Moreover, as discussed herein below, Taylor has a claim for damages for the method of his alleged termination. It is settled that an injunction should not be granted where there exists a full and adequate legal remedy. *Akers v. Mathieson Alkali Works,* 144 S.E. 492, 493 (Va. 1928).

III

I turn now to Taylor's second claim.

In light of the existence of a state-required grievance procedure insuring against arbitrary employment actions, I find that Taylor had "a legitimate claim of entitlement to continued employment" with the City and thus a constitutionally protected property interest in his job. *Kersey v. Shipley*, 673 F.2d 730, 732 (4th Cir. 1982) (internal quotation marks and citation omitted). Accordingly, he was entitled to procedural due process in connection with any involuntary termination. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542-43 (1985). The City contends, however, that Taylor voluntarily resigned and thus had no property interest to protect. *See Bodkin v. Town of Strasburg, Va.,* 386 F. App'x 411, 413 (4th Cir. 2010) (unpublished) ("Because Bodkin resigned, state action did not cause his job loss.")

Taylor agrees that he signed a letter of resignation during a disciplinary interview with Fire Chief J.C. Bolling on July 26, 2011, but asserts that this resignation was involuntary and thus he was entitled under the Constitution to a predeprivation hearing consistent with due process. A resignation is involuntary if it is determined, based upon all of the circumstances, that the employer deprived the employee of free choice through duress, coercion, or material misrepresentation. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 174 (4th

Cir. 1988). Factors to be considered by the court include whether the employee was given a reasonable time to choose between proposed alternatives of termination or resignation. *Id.*

The facts, viewed in the light most favorable to the non-movant, show that after coming to work on July 26, 2011, Taylor was told to report to the office of Chief Bolling at which were present the Chief and three other management personnel. The Chief questioned Taylor about having worked another job while off from the Bristol Fire Department utilizing sick days, the events in question having occurred nearly two years earlier, in August through September of 2009. After Taylor gave a brief explanation, Chief Bolling told him that this was unacceptable conduct and that his employment would terminate that day, but that he would be given the option of resigning instead of being terminated.

After allowing Taylor to think about it for less than a minute, Chief Bolling then said, "Which is it going to be? I need your answer at this time." (Taylor Dep. Ex. 10.) Taylor said, "I guess I'll resign." (*Id.*) Bolling gave him a prepared letter of resignation, which Taylor signed. Taylor was then escorted out, the entire meeting having lasted about ten minutes. About 45 minutes later, he called the Chief and requested that his letter of resignation be withdrawn, but the Chief refused. A few days later, Taylor spoke to Keith Bowen, his immediate sergeant, about filing a grievance. The request was passed on the Chief Bolling, who

advised that because Taylor had resigned, the grievance process was not applicable to him.

The City contends that even if Taylor's resignation were viewed as involuntary, he received all of the process to which he was lawfully entitled under the Constitution by virtue of his meeting with Chief Bolling on July 26.

It is correct, as the City argues, that the requirements of a sufficient predeprivation hearing are "minimal." *Ewald v. Dep't of Waste Mgmt, Commonwealth of Va.,* No. 91-1583, 1992 WL 172673, at *5 (4th Cir. July 22, 1992) (unpublished). The employee must simply be given "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Loudermill*, 470 U.S. at 546. The hearing may held by telephone, *Buschi v. Kirven*, 775 F.2d 1240, 1254-55 (4th Cir. 1985), and be brief, *Hanton v. Gilbert,* 842 F. Supp. 845, 853 (M.D.N.C. 1994) (hearing lasted 15 minutes).

The reason for a predeprivation hearing's simplicity, however, is that its purpose is only to give the employee a "'chance to clarify the most basic misunderstanding or to convince the employer that termination is unwarranted.'" *Ewald*, 1992 WL 172673, at *4 (quoting *Powell v. Mikulecky*, 891 F.2d 1454, 1458 (10th Cir. 1989)). Its purpose is not otherwise to resolve the propriety of the termination. *Loudermill*, 470 U.S. at 545. The pre-termination hearing may be

"very limited" because it is "to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997); *see also Jones v. Town of Milo*, No. 09-CV-80-B-W, 2009 WL 1605409, at *9 (D. Me. June 5, 2009) ("The minimum process condoned by the Supreme Court in *Loudermill* presumes that a more elaborate hearing will be afforded postdeprivation.").

In this case, of course, there was no post-termination hearing because of the position of the City that Taylor voluntarily resigned.

Considering all of these facts, I find that there is a genuine issue of material fact as to (a) whether Taylor voluntarily resigned and (2) if not, whether he received constitutionally-required due process through an adequate pre-termination hearing.

IV

Accordingly, it is **ORDERED** that the Motion for Summary Judgment (ECF No. 21) is GRANTED IN PART AND DENIED IN PART.

ENTER: August 30, 2012

/s/ James P. Jones
United States District Judge